An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ERIC CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64649

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction, after remand, pursuant to a guilty plea, of burglary while in possession of a firearm, two counts of robbery with the use of a deadly weapon, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

On August 1, 2007, after the district court granted the State's motion to consolidate cases against appellant Christopher Eric Carter, a second amended indictment was filed containing twenty-eight charges. The district court bifurcated the trial, and Carter was tried before a jury on counts 1 to 22. The jury returned guilty verdicts on counts 1 to 12 and 14 to 22. Prior to the commencement of the second trial and pursuant to negotiations, Carter pleaded guilty to four of the remaining six counts, counts 23, 24, 25, and 28. On November 14, 2007, the district court sentenced Carter on all twenty-five counts, and the sentencing decision was memorialized in one judgment of conviction, filed November 29, 2007. On appeal, Carter challenged his convictions resulting from the jury trial, claiming the district court erroneously denied his pretrial motion to suppress his confession. He did not challenge the convictions resulting from his guilty plea. We concluded that Carter's confession should have

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19086

been suppressed and that the error was not harmless, and we reversed and remanded. On remand, the parties entered into negotiations; the State agreed to dismiss counts 1 to 12 and 14 to 22 and Carter agreed not to withdraw his guilty plea for counts 23, 24, 25, and 28. The district court entered an amended judgment of conviction on November 15, 2013. This appeal followed.

Carter contends that "in the interests of fairness and on double jeopardy grounds, this court [should] find that all counts were reversed including those to which he pled guilty and that the [S]tate should be precluded from prosecuting him on any of those charges." However, Carter does not cite any relevant legal authority, outside of the constitutional provisions, to support his double jeopardy claim; therefore we need not address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Nonetheless, we note that this court's prior reversal of the judgment of conviction did not preclude the State from proceeding with a retrial. *See Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) (recognizing the well-established rule that the Double Jeopardy Clause will not preclude a second trial when an appellate court reverses a conviction due to an error in the proceedings that led to the conviction). To the extent that Carter challenges the validity of his guilty plea, such challenges to the judgment of conviction must be raised in a post-

conviction petition for a writ of habeas corpus filed in the district court in the first instance.[1] NRS 34.724(2)(b); NRS 34.738(1).

Having considered Carter's contention and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Stefany Miley, District Judge
       Karen A. Connolly, Ltd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]We express no opinion as to whether Carter could meet the procedural requirements of NRS chapter 34.

